21747. SOUTHERN CEMETERY CONSULTANTS, INC. v. PEACHTREE MEMORIAL PARK, INC. et al.

CANDLER, Justice. Southern Cemetery Consultants, Inc., on May 26, 1961, filed a suit in the City Court of Gwinnett County against Peachtree Memorial Park, Inc. in which it alleges that the defendant was indebted to it in the sum of $4,667.40 for commissions due it from its sale of cemetery lots pursuant to a contract they had entered into on June 22, 1959. Its petition also alleges that on or about March 28, 1961, the plaintiff and the defendant, each acting through its duly authorized officers, to wit: D. A. Holder, as secretary-treasurer of the plaintiff corporation, and Charles H. Crowell, as president of the defendant corporation, audited the account between the plaintiff and the defendant and mutually agreed to the correctness of the amount due the plaintiff, namely, $4,667.40. It also alleged that the amount sued for was just, due and unpaid and that the defendant had failed and refused to pay the plaintiff the balance due it as commissions for cemetery lots actually sold for the defendant. Attached to the petition as an exhibit are the names of 95

persons to whom the plaintiff sold cemetery lots and the amount of the commission due it from each sale. The defendant was served with a copy of the petition and process in that proceeding. It made no appearance, filed no defensive pleadings, and a default judgment was rendered against it on July 17, 1961, for the amount sued for, plus a stated amount of interest and costs of suit. On January 5, 1962, Southern Cemetery Consultants, Inc. filed an equitable suit in the Superior Court of Gwinnett County against Peachtree Memorial Park, Inc., Charles A. Crowell and DeKalb National Bank of Brookhaven. The petition prayed that a receiver be appointed to take charge of, preserve and liquidate the assets of the defendant Peachtree Memorial Park, Inc.; that defendant DeKalb National Bank of Brookhaven be required to account for all funds received from the defendant Peachtree Memorial Park, Inc. and that it be required to disclose the amount that defendant Peachtree Memorial Park, Inc. was due it; that the defendants Crowell and DeKalb National Bank of Brookhaven be restrained and enjoined from selling any more of the cemetery lots belonging to the defendant Peachtree Memorial Park, Inc.; and that the defendant bank be required to pay to a court-appointed receiver all funds it was due the defendant Peachtree Memorial Park, Inc. which it had received from the sale of its cemetery lots. Briefly stated, its petition alleges that the defendant Peachtree Memorial Park, Inc. is insolvent; that the defendant bank holds an open-end security deed to the cemetery property which the defendant Peachtree Memorial Park, Inc. owns for a maximum indebtedness limitation of $1,000,000; that the record does not reveal the amount of the actual indebtedness due such bank and the petitioner is, on request therefor, unable to secure information respecting the amount due on the secured obligation; that on a sale of any one of the cemetery lots the defendant bank gets an unknown part of the purchase price and the defendant Peachtree Memorial Park, Inc. gets the balance and pays it over to the defendant Crowell under the guise of salary or other remuneration; that the plan or scheme employed by the defendants in selling cemetery lots and disbursing the proceeds received therefor renders it impossible for the plaintiff to know what part of the cemetery property is undisposed of; and that since the defendants re-

fuse to reveal the amount actually due the defendant bank the plaintiff is unable to comply with the requirements of *Code* § 39-201 so as to vest a leviable interest in the cemetery property in the defendant Peachtree Memorial Park, Inc. The defendants separately answered the petition and each denied all of its substantial allegations. The defendant Peachtree Memorial Park, Inc. also filed a cross-action in which it alleged that the default judgment rendered against it in the City Court of Gwinnett County is null and void and prayed that such judgment be vacated and set aside and that it be granted a money judgment for actual and punitive damages against the plaintiff in stated amounts. The defendants filed a joint motion for summary judgment in their favor on the ground that the default judgment which the plaintiff obtained against the defendant Peachtree Memorial Park, Inc. is null and void and therefore of no force and effect since the petition in that proceeding did not allege that the plaintiff was either a duly licensed real estate broker or a duly licensed real estate salesman when it sold the cemetery lots for which it claims commissions. They attached to their motion, as exhibits, a copy of the petition in that proceeding and a copy of the default judgment rendered by the City Court of Gwinnett County. The parties stipulated that Peachtree Memorial Park, Inc.'s subdivision contained more than 20 cemetery lots and that a default judgment was rendered in the City Court of Gwinnett County in favor of the plaintiff against the defendant Peachtree Memorial Park, Inc. for the sum of $4,667.40. The court, after a hearing, granted their motion and rendered a judgment in their favor on the ground that the judgment which the plaintiff obtained against the defendant Peachtree Memorial Park, Inc. was null and void and therefore of no force and effect since the petition in that proceeding did not allege that the plaintiff, at the time it sold the cemetery lots of and for the defendant Peachtree Memorial Park, Inc. on a commission basis was either a licensed real estate broker or a licensed real estate salesman. By the same judgment all other relief sought by the plaintiff was denied on the theory that the judgment rendered by the City Court of Gwinnett County was null and void. The plaintiff excepted to that judgment and sued out a writ of error to this court. *Held:*

Section 84-1402 of the Code of 1933 declares: "Whenever used in this chapter, 'real estate broker' means any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, sells . . . or offers or attempts to negotiate a sale . . . of any estate or interest in real estate . . . : Provided, however, this provision shall not be construed to include the sale or subdivision into lots by the bona fide fee simple holder of any tract or parcel of land; also any person, firm, or corporation subdividing a tract of land into 20 or more lots, or offering for sale a tract of land already subdivided into 20 or more lots, where such person, firm, or corporation sells or offers any of said lots for sale through salesmen, whether such salesmen be regularly or occasionally employed, and whether they be paid salaries or commissions." And this same Code section further declares: " 'Real estate salesman' means a person employed by a licensed real estate broker to sell or offer for sale, to buy or offer to buy, to negotiate the purchase, sale or exchange of real estate, . . . ; also any person, other than bookkeepers and stenographers, employed by any real estate broker, as that term is defined in this section." Applying these quoted provisions of the official Code of 1933 to the pleadings and to the facts as shown by the record in this case, we hold that the plaintiff was neither a real estate broker nor a real estate salesman as those terms are defined by Chapter 84 of the Code; and being neither, it was not required to obtain a license from the Real Estate Commission before it could sell, either for a salary or for commissions, the cemetery lots of the defendant Peachtree Memorial Park, Inc. in its subdivision which contained more than 20 cemetery lots. Hence, it necessarily follows that the trial judge erred in holding that the default judgment which the plaintiff recovered in the City Court of Gwinnett County against the defendant Peachtree Memorial Park, Inc. was null and void and therefore of no force and effect. And since the trial judge denied all other relief which the plaintiff sought solely on the theory that the plaintiff's default judgment was null and void, we will not make any specific ruling on the other questions posed by the record since on another hearing the trial judge will necessarily be required to deal with those questions on the basis that the plaintiff has a valid judgment against the defendant Peachtree Memorial Park, Inc.

*Judgment reversed.   All the Justices concur.*
ARGUED SEPTEMBER 10, 1962—DECIDED OCTOBER 1, 1962—
REHEARING DENIED OCTOBER 10, 1962.

*Stephens Mitchell, R. F. Duncan,* for plaintiff in error.
*Roland Neeson,* contra.